# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. RICHARD SAMUEL AYALA, Defendant. | No. CR08-3041-LRR  **ORDER** |

This matter is before the court pursuant to the defendant's motion to reduce sentence under 18 U.S.C. § 3582 (docket no. 145). The clerk's office filed such motion on February 16, 2011. The government did not file a resistance, and the court did not order it to do so.

In his motion, the defendant admits that he is still seeking relief on direct appeal.

> "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 74 L. Ed. 2d 225, 103 S. Ct. 400 (1982) (per curiam). This rule applies with equal force to criminal cases. *See Berman v. United States*, 302 U.S. 211, 214, 82 L. Ed. 204, 58 S. Ct. 164) (1937). The rule serves two important interests. First, it promotes judicial economy for it spares a trial court from considering and ruling on questions that possibly will be mooted by the decision of the court of appeals. Second, it promotes fairness to the parties who might otherwise have to fight a confusing "two front war" for no good reason, *Shewchun v. United States*, 797 F.2d 941, 943 (11th Cir. 1986), avoiding possible duplication and confusion by allocating control between forums.

*United States v. Ledbetter*, 882 F.2d 1345, 1347 (8th Cir. 1989). Consequently, the court lacks jurisdiction to entertain his request for relief under 18 U.S.C. § 3582. *See id.*; *see also United States v. Watson*, 332 F. App'x 341, 344 (8th Cir. 2009) (addressing motion under 18 U.S.C. § 3582(c)(2)).

Alternatively, in relevant part, 18 U.S.C. § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission."). Additionally, USSG §1B1.10 states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

USSG §1B1.10(a)(1); *see also* USSG §1B1.10, comment. (n.1) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range."). The defendant does not identify an amendment that is listed in USSG §1B1.10(c). Thus, a reduction under 18

U.S.C. § 3582(c)(2) and USSG §1B1.10 is not warranted. Accordingly, the defendant's motion to reduce sentence under 18 U.S.C. § 3582 (docket no. 145) is denied.

**IT IS SO ORDERED**.

**DATED** this 18th day of February, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA